In Equity.

Per Curiam.

The bill states that Martin Grinder died in the revolutionary war, that his heirs were entitled by his services to one thousand acres of land, that a warrant issued to his heirs for that quan *510 tity, that some person by the name of Sarah Grinder representing herself to be the heir of said Martin Grinder, fraudulently sold and assigned said warrant to Robert Hays one of the defendants who located the same and obtained a grant thereon in his own name; that Hays sold and conveyed in fee four hundred acres a part thereof to Douglass who sold and conveyed to Maury, who sold and conveyed to Walcup; under whom the other defendants claim. The bill does not charge that any of the mesne conveyances were made without consideration, or that those to whom they were made had notice of the fraudulent assignment of the warrant—It farther states that the name of the widow of Martin Grinder, was Mary and that those under whom complainants claim were sole heirs. The bill prays a decree for the land.
Hays has filed no answer and the bill is taken for confessed as to him. Walcup in his answer states that he and those under whom he claims are purchasers for a valuable consideration, without any notice of the equity of the complainants, at the time the conveyances were made. To these answers a replication has been filed.
The evidence produced shews that no person by the name of Sarah Grinder was heir of Martin Grinder, and that the complainants derive their right under the heirs of said Martin Grinder deceased.
The ground upon which the complainants rest their case is, that, as Hays obtained the grant, for this land, in virtue of a warrant, which was their property, that he must be viewed in the light of a trustee for their benefit, that he can be compelled by this court to convey to them the legal title, for so much of this land, as he has not conveyed and that the purchaser under Hays stands in no better situation than Hays himself as to the part that he purchased.
As it respects that part of this land, the legal title to which is in Hays, we are of opinion the complainants are entitled to a decree for it; because the consideration upon which the grant to Hays is founded belonged not to Hays, but to the complainants—Hays having purchased the warrant from a person,who *511 had not any right whatever thereto, such purchase vested him with neither an equitable or legal title to the same,he may have been imposed on by his vendor, but that ought not to prejudice the owners of this warrant, who were not at all instrumental in its sale, when the grant was made to Hays by the state he became vested with the legal title to the land; but the equitable title was still left with the heirs of Grinder who have a right to call upon Hays to add the legal, to their equitable title, when they chuse.
But how stands the case as it respects innocent purchasers for a valuable consideration?
It has been argued that they stand in no better situation than Hays, and different cases have been refered to, to shew that, qui prior est in tempore, potior est in jure—and that as Hays acquired his title through a fraudulent assignment of the warrant,that fraud will affect the title in whose hands soever it may come.
Upon this point, we are of opinion, the case of the complainants is essentially defective, the bill does not charge any particular fraud in Hays, in procuring the assignment of the warrant, for any thing therein stated, he may have acted innocently in his purchase of it—he may have been imposed upon by Sarah Grinder, who sold to him and represented herself to be the heir when she was not—but supposing that point to be immaterial, this case cannot be supported against those who purchased from Hays upon another ground; the bill neither charges the conveyances, to have been made without consideration, nor does it charge those to whom Hays, conveyed with notice of the equitable title of the complainants; it seems,to us that in framing his case, a complainant ought substantially to charge in his bill every fact which, it is essential to establish to entitled himsel to relief, we are of opinion that to intitle the complainants in this case, to relief against those who purchased the legal title from Hays, that one of two things must appear, either that a valuable consideration was not paid, or that those who purchased, knew of the complainants equity either at or before the time they paid the consideration ; or at or before the time they accepted the conveyance. *512 Neither of these things are charged in this bill, nor has there been any attempt to establish them from express testimony—this bill seems to have been framed, and is now endeavored to be supported, upon a view of the law, which we think, intirely incorrect.
The maxim which has been relied upon, and the authorities cited, we think apply to a class of cases, not similar to the present; to cases where neither party has a legal title, where each party claims an equitable title to the matter in dispute, in those cases the maxim, qui prior est in tempore potior est in jure, applies, but in cases where each party has an equitable, and the defendant a legal title also; there the maxim, that where the equity is equal, the law must prevail applies.
Hays had the legal title, by virtue of the grant, when the defendants purchased from him for a valuable consideration without any notice of the complainants equity; they acted innocently and bona fide; they can with a clear conscience hold this property and as they have the legal title they ought to be permitted to enjoy it—1st. Eq. Cas. Ab. 333. 334. 354, 2nd, Vern. 159, 2. Com. Dig. 628, 629. 630. 631 and 632. Sugd. on Vend. and pur, 490. to 499 476. 3 Vez. jr. 478. Amb. 447.
If the complainants had in their bill charged a want of consideration or knowledge of their equity there would have been some doubt whether the answers in this case, denied notice in a way that would be perfectly satisfactory to the whole court; but we conceive it unnecessary to give any decisive opinion upon the answers as to this point.
It has been urged by the counsel for the complainants that if it was necessary to fix the defendants with notice, it is done because they must be presumed to have seen the grant to Hays—the grant shews the warrant on which it issued, the defendants must be supposed to have seen the warrant and therefore would have knowledge of their equity upon the doctrine of notional or constructive notice. It seems to us that this argument is not well founded; because we are of opinion the defendants were not bound, nor can they be presumed to have *513 examined this title any farther back than the grant to Hays; there the legal title commences, and there, their enquiry as to title in Hays we are to presume stopped; again suppose them bound to examine warrant, it would only show an assignment from Sarah Grinder; but whether she was heir, or not they would be unable to ascertain. Upon every view we can take of this case we are satisfied that as to those who purchased a part of this land from Hays the bill must be dismissed with costs.